UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA VALDOVINOS-DIAZ,

          Petitioner,

    v.

JEFF SESSIONS, et al.,

          Respondents.

Case No. 18-cv-00383-PJH

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Re: Dkt. No. 1

      Before the court is petitioner Maria Valdovinos-Diaz's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

      Petitioner Valdovinos-Diaz is a citizen and national of Mexico. Dkt. 1 ¶ 4; Dkt. 11 ("Dutra Decl."), Ex. A. She has two children who are United States citizens and is married to a lawful permanent United States resident. Dkt. 13 at 3. Valdovinos-Diaz is not a US citizen and is being held in detention by the Immigration and Customs Enforcement division of the Department of Homeland Security ("ICE") pursuant to 8 U.S.C. § 1231(a)(6). Dkt. 1 ¶ 13; Dkt. 10 at 2. Petitioner has filed a petition for writ of habeas corpus with this court, asserting three causes of action: (1) violation of Immigration and Nationality Act and Regulations; (2) violation of Fifth Amendment Due Process; and (3) violation of the Equal Protection Clause. Dkt. 1. Petitioner seeks an

order requiring an Immigration Judge ("IJ") to hold a bond hearing and attorneys' fees and costs. Dkt. 1 at 8.

In 2000, petitioner was subject to expedited removal under 8 U.S.C. § 1225(b)(1) for presenting fraudulent documents in an attempt to gain entry to the United States. Dutra Decl. ¶ 3 & Ex. A. Petitioner subsequently re-entered the United States and applied for relief before U.S. Citizenship and Immigration Services ("USCIS") based on her marriage to her husband, but she did not disclose her prior removal order and was arrested when she attended her USCIS interview. Id. at ¶¶ 4–5; Dkt. 13 at 3. On June 22, 2017, ICE arrested and detained petitioner to reinstate her prior order of removal. Dutra Decl. ¶ 5 & Ex. B.

Petitioner expressed fear of returning to her home country and had a "positive" reasonable fear interview, so petitioner was placed into withholding-only proceedings, where her only available form of relief is an application for withholding of removal. Dkt. 13 at 3. Petitioner was referred to an immigration judge for withholding-only proceedings.[1] Dutra Decl. ¶ 6 & Ex. C.

At some point not specified in the record, petitioner requested a bond hearing. On August 29, 2017, the IJ denied petitioner's motion for a bond hearing, finding her not eligible. Id. at ¶ 7 & Ex. D. Petitioner did not appeal the IJ's decision. Id. at ¶ 7. On December 29, 2017, the IJ issued an order notifying the parties that he would hold a hearing to determine whether petitioner was eligible for bond. Id. at ¶ 9. On January 17, 2018—before the noticed IJ hearing—petitioner filed the present petition for writ of habeas corpus with this court. Dkt. 1. On January 23, 2018, the IJ denied petitioner's motion for a bond hearing, citing "lack of jurisdiction" and writing that she was "not entitled to a Diouf hearing at this time." Id. at ¶ 10 & Ex. F (likely referring to Diouf v.

---

[1] If an alien expresses a fear of returning to the country of removal, and if an asylum officer finds that she has a "reasonable fear" of persecution, then she is placed in "withholding-only" proceedings. 8 C.F.R. § 208.31. Those proceedings are limited to considering whether an alien is entitled to withholding of removal. 8 C.F.R. § 208.2(c)(3)(i).

United States District Court
Northern District of California

Napolitano, 634 F.3d 1081 (9th Cir. 2011)).  Petitioner reserved appeal of that decision.

Id.  Petitioner has not appealed the IJ's order denying a bond hearing to the Board of

Immigration Appeals ("BIA").  Id. at ¶ 10.

Meanwhile, petitioner had been challenging her removal order by attempting to

withhold removal.  On September 29, 2017, the IJ denied some of petitioner's requests,

although the supporting document provided to the court is redacted in substance.  Id. at

¶ 8 & Ex. E.  Petitioner appealed that decision—although not the decision regarding a

bond hearing—to the BIA.  On March 14, 2018, the BIA dismissed her appeal.  Id. at ¶ 8.

She filed an appeal with the Ninth Circuit Court of Appeals (case no. 18-70811,

Valdovinos-Diaz v. Sessions).  The removal was automatically stayed, and the Ninth

Circuit case is currently pending.

## DISCUSSION

### A.    Legal Standard

Under 28 U.S.C. § 2241, a federal district court is authorized to grant a writ of

habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or

treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[A]liens may continue to bring

collateral legal challenges to the Attorney General's detention authority . . . through a

petition for habeas corpus."  Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942,

946 (9th Cir. 2008).  Federal district courts have habeas jurisdiction under Section 2241

to review bond hearing determinations of an alien held in custody pursuant to removal

proceedings.  Singh v. Holder, 638 F.3d 1196, 1200 (9th Cir. 2011); Leonardo v.

Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011).

### B.    Analysis

Petitioner requests an order requiring a bond hearing before the immigration court,

as well as attorneys' fees and costs.  Dkt. 1 at 8.  Respondents argue that the petition

should be dismissed because petitioner did not exhaust administrative remedies and

because petitioner is not entitled to a bond hearing.

The Ninth Circuit has clearly stated the proper administrative procedure for

3

challenging IJ bond determinations:

> We write to clarify the proper procedure for challenging a <u>Casas–Castrillon</u> bond determination: Once an alien has received a <u>Casas–Castrillon</u> bond hearing before an immigration judge (IJ), he may appeal the IJ's decision to the Board of Immigration Appeals (BIA). If the alien is dissatisfied with the BIA's decision, he may then file a habeas petition in the district court, challenging his continued detention. The district court's decision on the habeas petition may be appealed to this [Ninth Circuit] court. Because Leonardo did not follow this course here, and thus did not exhaust administrative remedies before pursuing habeas relief, we remand to the district court with instructions to dismiss his petition without prejudice.

<u>Leonardo</u>, 646 F.3d at 1159 (concerning bond hearing for alien detained under 8 U.S.C. § 1226(a)).

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." <u>Puga v. Chertoff</u>, 488 F.3d 812, 815 (9th Cir. 2007) (citing <u>Noriega-Lopez v. Ashcroft</u>, 335 F.3d 874, 881 (9th Cir. 2003)). "[T]he exhaustion requirement in § 2241 [habeas] cases is prudential, rather than jurisdictional." <u>Arango Marquez v. I.N.S.</u>, 346 F.3d 892, 897 (9th Cir. 2003). Because the exhaustion requirement is prudential, rather than mandated by statute, it is subject to waiver in certain instances. "Nevertheless, prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." <u>Puga</u>, 488 F.3d at 815 (internal quotation marks and citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." <u>Leonardo</u>, 646 F.3d at 1160.

Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." <u>Puga</u>, 488 F.3d at 815 (certain of those "factors" may be "particularly salient" in a given case) (quoting

*Noriega-Lopez*, 335 F.3d at 881).

However, there are "a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 n.4 (9th Cir. 1981).

Here, petitioner sought habeas relief from this court after she was notified that the IJ would be conducting a hearing to determine if she was eligible for bond but before the hearing was actually conducted. The IJ then held the hearing while this case was pending and made a determination adverse to petitioner. Dutra Decl., Ex. F. Still, petitioner has not appealed the IJ's order to the BIA.

Petitioner does not dispute that she failed to exhaust administrative remedies. Rather, she argues that exhaustion should be excused because (1) "she invokes constitutional issues that the BIA has no jurisdiction over," and (2) she is suffering irreparable harm because each day in detention without a bond hearing is a day she will never get back. Dkt. 1 ¶¶ 6–7.

### 1. The BIA's Ability to Review the IJ's Decision

First, petitioner argues that the exhaustion requirement doesn't apply because "[t]hese are constitutional and due process claims over which the immigration agency has no jurisdiction." Dkt. 1 ¶¶ 6–7. But the exhaustion requirement applies to constitutional claims when those claims are reviewable by the BIA on appeal. Rojas–Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003); Liu v. Waters, 55 F.3d 421, 425 (9th Cir. 1995) (petitioner "cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violated due process"); see also Sola v. Holder, 720 F.3d 1134, 1136 (9th Cir. 2013) ("[c]hallenges to procedural errors correctable by the administrative tribunal, must be exhausted before we undertake review") (quoting Sanchez–Cruz v. INS, 255 F.3d 775, 780 (9th Cir. 2001)). Although "[c]learly the BIA has no jurisdiction to decide questions of

the constitutionality of the immigration laws . . . . [i]t is equally clear that the BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process. A procedural error may be of constitutional magnitude without depriving the BIA of the authority to correct it." Liu, 55 F.3d at 426 (citations omitted); cf. Padilla-Padilla v. Gonzales, 463 F.3d 972, 977 (9th Cir. 2006) ("The BIA does not have jurisdiction to determine the constitutionality of the statutes it administers.").

Petitioner argues that she was denied a bond hearing when she was entitled to one; she argues that administrative, procedural failure resulted in constitutional due process and equal protection violations. That is precisely the type of constitutional claim that the BIA *can* address and that *does require* administrative exhaustion. Petitioner has not explained why the denial of a bond hearing is not the type of procedural error that the BIA could correct.

**2.      Irreparable Harm**

Second, petitioner argues that she is suffering irreparable harm by continued detention without a bond hearing. But petitioner seeks the same relief from this court that she would seek through an appeal to the BIA: a bond hearing before an IJ. The administrative procedure petitioner must exhaust (absent waiver of the exhaustion requirement) by appealing to the BIA is clearly established, yet petitioner has not even attempted to begin that appeals process. Rather, petitioner seeks to bypass the administrative process entirely with this habeas petition. Allowing a short-circuit of the clearly established administrative process would "disrupt the agency's autonomy and result in unnecessary judicial review of unexhausted claims. Petitioner fails to establish that such an exception to the exhaustion requirement is justified here." Resendiz v. Holder, Case No. 12-cv-04850-WHA, 2012 WL 5451162, at *5 (N.D. Cal. Nov. 7, 2012).

The court recognizes that courts in this district split on the question of whether detention without a bond hearing constitutes irreparable harm sufficient to waive the administrative exhaustion requirement. Although not dispositive of the question, the court

United States District Court
Northern District of California

notes that orders waiving exhaustion have issued primarily after the petitioner filed a BIA appeal that remained unresolved.  E.g., Ramos v. Sessions, Case No. 18-cv-00413-JST, 2018 WL 905922, at *3 (N.D. Cal. Feb. 15, 2018) (BIA appeal pending); Pulido v. Sessions, Case No. 17-cv-03683-WHA, at 3–4 (N.D. Cal. Nov. 21, 2017) (BIA appeal pending for approximately five months); Villalta v. Sessions, Case No. 17-cv-05390-LHK, 2017 WL 4355182, at *3 (N.D. Cal. Oct. 2, 2017) (BIA appeal pending).  Here, petitioner has not even attempted to appeal the issue to the BIA.

### 3.    Other Factors Regarding Prudential Exhaustion

Although petitioner does not raise the other factors specifically, the court addresses each of the factors concerning whether administrative exhaustion should be required or waived:  (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review; (4) administrative remedies are inadequate or not efficacious; (5) pursuit of administrative remedies would be a futile gesture; (6) irreparable injury will result; and (7) the administrative proceedings would be void.

First, an agency record will likely not help on this question.  Petitioner's appeal concerns the legal question of whether she is entitled to a bond hearing.  This weighs against requiring exhaustion.

Second, relaxation of the exhaustion requirement would encourage deliberate bypass of the administrative scheme, as evidenced by this petition.  There is a clearly-established procedure, explained in Leonardo.  646 F.3d at 1159–60.  The BIA should address the questions that would be raised by this appeal and apply consistent appellate oversight, which could correct any problems.  This weighs in favor of requiring exhaustion.

Third, the agency should be allowed to correct its own mistakes (if any), which would allow for administrative autonomy and conservation of judicial resources.  This

weighs in favor of requiring exhaustion.

Fourth, the administrative remedy would be the same as the remedy petitioner seeks from this court:  a bond hearing.  This weighs in favor of requiring exhaustion.

Fifth, there is no indication that pursuit of administrative remedies would be futile. Petitioner's argument on this point—addressed above—is that the BIA does not have jurisdiction to decide this constitutional issue.  But as discussed above, that is not the case.  This weighs in favor of requiring exhaustion.

Sixth, although petitioner may be suffering irreparable harm by continued detention, she has not even attempted to relieve that harm through an administrative appeal.  As addressed above, petitioner could have but has not sought the same relief from the BIA that she seeks from this court now.  This weighs in favor of requiring exhaustion.

Seventh, there is no indication that any administrative proceeding would be void. This weighs in favor of requiring exhaustion.

The court therefore finds that petitioner is not excused from exhausting her administrative remedies.  Because petitioner failed to exhaust her administrative remedies, and because she is not excused from doing so, the petition is DISMISSED.  As such, the court does not reach the merits of whether petitioner is entitled to a bond hearing.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.  Petitioner may seek further remedies through appeal to the BIA.  Depending on the result of further proceedings, petitioner may again petition for a writ of habeas corpus in federal district court.

**IT IS SO ORDERED.**

Dated:  May 7, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge